**MEMO ENDORSED**



**HODGES WALSH & BURKE, LLP**
ATTORNEYS AT LAW
55 CHURCH STREET, SUITE 211
WHITE PLAINS, NEW YORK 10601

(914) 385-6000
FAX (914) 385-6060
www.hwb-lawfirm.com

Michael K. Burke, Partner
Direct Email: mburke@hwb-lawfirm.com



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/9/2022

May 2, 2022

Honorable Nelson S. Roman United
States District Court 300 Quarropas
Street
White Plains. NY 10601

Re: United States v. Shmiel Weingarten
19 CR 497(NSR) -06

Dear Judge Roman:

An in-person Initial Appearance is scheduled for May 10, 2022 at 2 pm. At the conf., the Court will discuss with counsel the issues of discovery, possible briefing schedule for motions and scheduling a Faretta hearing. Clerk of Court is requested to terminate the motion (doc. 579).
Dated: White Plains, NY
May 9, 2022

**SO ORDERED:**

*/s/ Nelson S. Roman*

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

I represent the defendant Shmiel Weingarten in the above referenced case and respectfully request this Court to schedule a hearing for the purpose of permitting the defendant to make an application to the Court for permission to represent himself for all purposes including pretrial proceedings, trial and post-trial matters pursuant to *Faretta v. California,* 422 U.S. 806 (1975). For virtually the same reasons as is set forth in his brother Yakov Weingarten request, Shmiel Weingarten so moves for the following reasons:

1. During the first conference with Defendant Shmiel Weingarten he notified me that he wishes to represent himself, as a *pro se* defendant, and he requested that I petition the Court to schedule a hearing so it could be determined whether he would be permitted to represent himself and a record could be made that his decision is being made knowingly and voluntarily. Shmiel Weingarten has indicated that he has no objection for me remaining as standby/shadow counsel.

2. A defendant such as Shmiel Weingarten, has a right under the Sixth Amendment to defend himself without assistance of counsel if that decision is made intelligently and knowingly, with full awareness of the right to counsel and the consequences of its waiver. See *Faretta v. California,* 422 U.S. 807, 835-36 (1975); see also *United States v. Culbertson,* 670 F.3d 183, 193 (2d Cir. 2012). [The Second Circuit has instructed that

whether a defendant's election to proceed *pro se* is "knowing and intelligent depends upon the particular facts and circumstances of the case and characteristics of the defendant himself."

3. The law requires that this Court make certain findings where, as here, there is timely request to represent oneself:

    a. First, whether the request is clear and unequivocal. See *Williams v. Bartlett*, 44 F.3d 95, 100 (2d Cir. 1994).

    b. Second, whether the waiver is knowing and intelligent. See *Faretta*, 422 U.S. at 835; see also *Wilson v. Walker*, 204 F.3d 33, 37-38 (2d Cir. 2000) (holding that a waiver was knowing and intelligent because the defendant clearly and unequivocally asserted his right to self-representation at least seven times and had previous experience with the criminal justice system).

    c. Third, whether the defendant is competent to conduct the trial *pro se*, or if he suffers from mental illness or deficit to such an extent that, though competent to proceed to trial, he is not competent to conduct the trial. See *Edwards*, 554 U.S. at 176-77 ("insofar as a defendant's lack of capacity threatens an improper conviction or sentence, self-representation in that exceptional context undercuts the most basic of the Constitution's criminal law objectives, providing a fair trial.").

Defendant Shmeil Weingarten does not suffer from any mental illness and is competent to proceed to trial and respectfully moves this Court to schedule a hearing for the purpose of permitting the defendant to make application to the Court for permission to represent himself for all purposes pursuant to *Faretta v. California*, 422 U.S. 807 (1975), and the appointment of stand by counsel to assist the *Pro Se* Defendant.

Respectfully submitted,

HODGES WALSH & BURKE, LLP

*Michael K. Burke*

Michael K. Burke