UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Nachman Helbrans,<br>Mayer Rosner,<br>Mordechay Malka,<br>Aron Rosner, a/k/a "Aaron,"<br>Jacob Rosner, a/k/a "Chaim,"<br>Matityau Moshe Malka,<br>Shmiel Weingarten, and<br>Yakov Weingarten,<br>                               *Defendants.* | **Amended Protective Order**<br><br>**S3 19 Cr. 497 (NSR)**<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 5/10/2022 |

Upon the application of the United States of America, and the defendants having requested discovery under Fed. R. Crim. P. 16(a)(1)(E), the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government has made and will continue to make disclosure to the defendants of documents and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's disclosure material may include material that (i) affects the privacy, confidentiality, and business interests of individuals and entities; (ii) would risk prejudicial pretrial publicity if publicly disseminated; and (iii) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the Disclosure Material without further litigation. It will also afford the defense prompt access to those materials, which will facilitate the preparation of the defense.

3. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

4. Disclosure Material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media or any third party except as set forth below.

5. Disclosure Material may be disclosed by counsel and the defendants to:

   (a) the following persons (hereinafter "Designated Persons"):

   (i) investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendant's attorney or stand-by counsel;

   (ii) independent expert witnesses, investigators or advisors retained by the defendant's attorney or stand-by counsel in connection with this action; and

   (iii) such other persons as hereafter may be authorized by the Court upon such motion by the defendants.

6. Disclosure Material shall not be disclosed to any foreign persons or entities, or to any members of Lev Tahor (even if such persons or entities would otherwise constitute Designated Persons), with the exception of the non-fugitive defendants, and may not be transported or transmitted outside of the United States for any purpose.

7. The defendants and their counsel shall provide a copy of this Order to Designated Persons to whom they disclose Disclosure Material pursuant to paragraphs 5(b)(i), (ii), and (iii). Designated Persons shall be subject to the terms of this Order.

8. The defendants and their counsel shall make reasonable efforts to maintain a record of what information has been disclosed to such persons.

9. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

10. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, Disclosure Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

**Disclosure and Protection of Seized ESI**

11. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized—pursuant to warrants issued during the course of the investigation or with the owner's or user's consent—from various computers, cell phones, and other devices and storage media. Such ESI was seized from various cellphones and social media accounts belonging to the defendants.

12. The Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain discoverable material ("the seized ESI material").

3

13. The defendants, defense counsel, and Designated Persons may review the seized ESI material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

14. This Order places no restriction on each defendant's use or disclosure of ESI that originally belonged to that defendant.

### 3500 And Related Material

15. The Government will produce certain material pursuant to *Giglio v. United States*, 405 U.S. 150, 154 (1972) and Title 18, United States Code, Section 3500 ("3500 Material").

16. The defense is precluded from disseminating any of the 3500 Material to anyone beyond the defendant, defense counsel, and Designated Persons.

17. In the event of a change in counsel, the parties' agreement with respect to the 3500 Material is subject to change. The 3500 Material shall not be transferred to any successive counsel, until a separate agreement between the new counsel and the Government is executed.

18. The 3500 Material shall not be provided to any foreign persons or entities or to any members of Lev Tahor (even if such persons or entities would otherwise constitute Designated Persons), with the exception of the non-fugitive defendants, and may not be transported or transmitted outside of the United States for any purpose.

### Return or Destruction of Sensitive Disclosure Material and Confidential Disclosure Material

19. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned

case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is latest.

### Retention of Jurisdiction

20. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

Standby counsel are directed to serve this Protective Order on their respective pro se Defendants and to file proof of service on the docket.

SO ORDERED:

Dated: White Plains, New York
       May 10, 2022

_____
THE HONORABLE NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE