USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/22/2023

**Memorandum Endorsement**

USA v. Shmiel Weingarten

7:19-cr-497-NSR-6

The Court is in receipt of the attached letter from *pro se* Defendant, Mr. Shmiel Weingarten, dated March 12, 2023, requesting that the Court suspend the briefing schedule on dispositive motions set by the Court in the March 10, 2023 status conference. The briefing schedule was as follows: Defendant's moving papers are to be filed on May 25, 2023; the Government's opposition papers are to be filed on June 23, 2023, and reply papers are to be filed on July 10, 2023.

The Court DENIES the request without prejudice. *Pro se* Defendant is directed to consult with his standby counsel, as the Court has indicated on prior occasions. Standby counsel is advised to be fully engaged and should be reviewing discovery for the purpose of assisting *pro se* Defendant in his drafting of potential motions. Standby counsel is reminded that he may be asked to step in fully as counsel and should be prepared to do so in the event that occurs.

The Clerk of the Court is kindly directed to terminate the motion at ECF No. 838. Standby counsel is directed to provide a copy of the instant memorandum endorsement to *pro se* Defendnat, and file proof of service on the docket.

Dated: March 22, 2023
      White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

①

March 12, 2023

Motion to suspend the briefing schedule ordered by the Court at the status conference on March 10, 2023

To Hon. Judge Roman,

As I mentioned to the Court at the status conference, I received my laptop loaded with the discovery on March 9, 2023. A quick check at the discovery reveals that it contains 290 GB of data, 100,510 files, including 170± hours of audio and 50± hours of video recordings. It also contains 45,298 pages of documents labeled with the prefix "USAO", and 4,202 pages with the prefix "USAO_Witness_production". Those documents are in multiple languages, including English and Spanish.

From the beginning of June 2022 until receiving the laptop last week, the jail allowed me to review the discovery disk only one hour per day, Monday through Thursday (on fridays it was impossible, because they usually call us late afternoon when Sabbath already began), and the reviewing days excluded legal holidays and Jewish holidays. Thus, when summing up all potential reviewing days from June 2022 until the status conference of March 10, 2023, there was about 140 reviewing days or better said 140 reviewing hours. Now even if I would be able to read and take notes at a magical pace of one page per minute, I would still be at 8,400 pages out of the 50,000 pages after the 140 hours; and that's before reviewing the other 100,000 files

and the 220± hours of audio and video recordings. However, that's not the situation. I could not read at such pace. English is my third language, while Spanish I could barely read with the assistance of a dictionary. Let alone, that on many days I was simply not called to review the discovery.

At the status conference the government claimed that our request for three more months to review the discovery is an "offensive delay by the defendants" and asked the Court to immediately issue a briefing schedule. The government's request is offensive. If the voluminous discovery they provided is relevant to the case, I should have the right to review them before filing motions. If however the government cluttered the essential parts of the discovery with a massive amount of irrelevant material just to make the defendants loose time, there is nothing more offensive. The defendants have no part in the Government's "offensive delay".

Having now the laptop, I could probably review the discovery six hours per day, Monday through Friday. With the laptop accessible only during day hours and only the officer being able to charge the laptop, more hours per day would be impossible. Calculating the reviewing hours from today until May 25, 2023, the deadline for moving papers set by the Court, it sums up to 330 hours. As such, even if I would read and take notes at the magical 1 page/minute pace, I would end up at the deadline with reviewing not more then 19,800 of the 50,000 pages. And that's before reviewing the huge amount of audio and video files. Not only that by May 25, the deadline set by the Court, I could not finish to review even a half of the discovery, but also no time would

remain to outline, draft, and review any motions before the deadline.

As such Your Honor, unfortunately, the briefing schedule is not realistic, I should have time to at least superficially review the discovery before ~~fir~~ filing any motions.

With my co-defendant Yakev Weingarten also having a laptop, and my co-defendant Yoil Weingarten hopefully ~~have~~ having one soon, we could work out that each of us work all day, every day, to review and take notes on different portions of the discovery, this should hopefully result in the review being complete in approximately six months from now.

Given all the above, I request that the Honorable Court suspend the current briefing schedule until discussed again at the next status conference on September 7, 2023.

Respectfully Submitted,

S. Weingarten     March 12, 2023
Shmiel Weingarten