

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

July 14, 2023

**BY ECF**

The Honorable Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

  Re: *United States v. Yoil Weingarten*, S3 19 Cr. 497 (NSR)

Dear Judge Román:

  Pursuant to the Court's order dated July 10, 2023, the Government respectfully writes in response to defendant Yoil Weingarten's (the "defendant") letter dated the same date (the "Letter"). The Letter does not request any relief; however, it raises the following issues that merit response: (1) the Letter "adopts all arguments . . . advanced by the previous co-defendants and their attorneys"; (2) the Letter states that the defendant "does not waive his right to raise the proper arguments when time and opportunity become available"; (3) the Letter raises concerns about resources available to the *pro se* defendant, and; (4) the Letter states that "justice requires that the Court recuse from this case." The Government will briefly address each issue.

  First, regarding pretrial motions, to the extent that defendant Yoil Weingarten seeks to adopt the arguments made in the pretrial motions of his co-defendants and their attorneys (*see e.g.,* Dkt. Nos 123, 133, 190, 191, 339, 431), those motions have already been ruled upon by the Court. The Court's rulings on these prior motions to dismiss and motion to disqualify, to the extent applicable to the defendant and his remaining co-defendants, should control as to these defendants as well. The defendant also appears to seek to adopt certain motions *in limine* filed by his co-defendants (*see* Letter at 2 and Dkt. Nos. 353, 544). That request is premature. Accordingly, the Government does not intend to respond substantively to any motions previously filed nor is it the Government's view that the Court needs to rule again on those issues.

  Second, the Letter stated that the defendant does "not waive his right to raise the proper arguments when time and opportunity become available." To the extent that the defendant later raises arguments to the Court, the Government will respond accordingly, and if appropriate, the Government may object based on untimeliness. *See, e.g., United States v. Moore*, 541 F. App'x 37, 39 (2d Cir. 2013) (affirming district court's "decision not to entertain" suppression motion filed eight months after the court's deadline but before trial, citing Federal Rule of Criminal Procedure 12); *United States v. Kopp*, 562 F.3d 141, 143 (2d Cir. 2009) (citing Rule 12, and stating that "[a] party waives its ability to move to suppress evidence if it fails to do so by the pre-trial deadline set by the court, except that the district court may grant relief from that waiver '[f]or good cause' ");

*United States v. Howard*, 998 F.2d 42, 51–52 (2d Cir. 1993) (affirming district court's denial of leave to file late suppression motion under Rule 12, where defendant sought leave thirty-nine days after the pre-trial motions deadline and did not demonstrate good cause).

Third, the defendant reiterates previously raised concerns about the resources available to him as a detained *pro se* defendant. The defendant does not request any relief and addresses issues already litigated before the Court on several occasions. The Court need not readdress these issues. Moreover, the defendant has been on notice of the inherent restrictions on preparing a defense as a detained individual. In fact, during remarks just prior to the defendant's *Faretta* hearing (which occurred after the Court issued its May 2022 order referred to the Letter), the Court stressed the limited resources available to the defendant while incarcerated and the Court's inability to mandate things that are contrary to the Bureau of Prisons' policies. At the proceeding, the Court stated as follows:

> But I want to make it clear that the internet access has to be in conformity with that which is – you know, the procedures that are set up at the facility. I have no control over that. There will be considerable limitations. And [the defendant's] not going to be in a position, should I grant his application, to have unfettered access to the internet. Whatever the facility permits, that's what's going to be available to him . . . because I'm not even sure if they were allowed to do word processing, or there was a word processing program but the printing was limited and so forth . . . So I don't want there to be any misunderstanding that, by virtue of your client obtaining pro se status, should I grant that application, that he's not going to—that he's going to have unfettered discretion to use the laptop in ways that he may otherwise be using it were he not detained. There's a lot of restrictions . . . Some may deem them somewhat extreme limitations. But that's what we're dealing with.

*See* Transcript of November 2, 2022 hearing at 8. Given these warnings, there can be no doubt that the defendant has been aware that his ability to prepare a defense would be impacted by the restrictions inherent in being incarcerated.

Finally, the Letter rehashes a request that the Court recuse itself from the case. The defendant's co-defendants have previously moved for the Court's recusal and the Court denied these requests on September 13, 2021 and May 19, 2022. (Dkt. Nos. 347, 637). The Court should not revisit those rulings as the defendant has presented no new facts or law to the Court. Moreover, allegations of recusal "are insufficient if they merely state conclusions, rumors, beliefs and opinions. Recusal is not warranted for remote, contingent or speculative reasons." *Bin-Wahad*, 853 F. Supp. at 683, 695 (holding that "affidavit must show a true personal bias and allege specific facts as opposed to mere conclusions and generalizations"). To the extent that the Court considers the Letter to include a motion for the Court's recusal, the Court should deny that motion.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

By:   /s/
      Samuel Adelsberg
      Jamie Bagliebter
      Jim Ligtenberg
      Assistant United States Attorneys
      (212) 637-2494 / 2236 / 2665

cc:    Standby Counsel (by ECF)
      Yoil Weingarten (by mail)