USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/15/2023

**MEMORANDUM ENDORSEMENT**

*United States v. Schmiel Weingarten*
7:19-cr-497-NSR-6
*United States v. Yoil Weingarten*
7:19-cr-497-NSR-7

The Court is in receipt of the attached letters from Defendants Schmiel and Yoil Weingarten, dated November 15, 2023, regarding pre-trial motions and other miscellaneous issues. The Court respectfully directs the Government to respond to the letters on or before November 17, 2023.

Standby Counsel are directed to serve a copy of this endorsement on their respective *pro se* Defendant by any necessary means and to file proof of service.

The Clerk of the Court is directed to terminate the motions at ECF Nos. 903 and 904.

Dated: November 15, 2023
      White Plains, NY

SO ORDERED:

_____
HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

November 14, 2023

Re: Motions (dictated over the phone)

To the Honorable Court,

In the previous status conference and in letters prior to that I raised before the Court the issue of the obstacles I face in filing proper motions. For unknown reasons, the Court awards deadline extensions but fails to address and enforce its own orders. The Court issued an order *after* granting me pro se status, ordering limited internet access, translation software and printing capabilities. (see ECF nos. 624 and 770). Instead of enforcing the orders, the Court blames the defendants for rehashing old issues.
With no way how to finish reading the multi-language discovery and with no way how to draft and translate motions, the defendants are forced not to file motions. I would not burden the Court and mention all the issues the defendants face; the defendants raised them already several times, both in written form and orally.

For the time being, I adopt *all* legal arguments (<u>not</u> the facts) advanced by the other co-defendants, including but not limited to the arguments mentioned in ECF nos. 123, 133, 190, 191, 316-320, and 544. In particular, I adopt the following arguments: Y.T. was validly married to Jacob thus Mann Act charges lack merit; the Mann Act charges as applied here are unconstitutional; Y.T. was emancipated by marriage thus IPKCA was not violated; no parental rights recognized by the IPCKA were obstructed neither for Y.T. and neither for C.T.; the current prosecution detracts from the Hague Convention in violation of the plain language of the IPKCA; the IPKCA does not apply to children abducted and retained in the United States; the IPKCA is void for vagueness as applied here; the family court order was void for lack of jurisdiction and due process violations; and counts one and two are the product of a selective prosecution. This list is not exhaustive, I reserve the right to raise additional arguments when time and opportunity would become available.

Should the Court be of interest in providing the defendants a real opportunity to file motions, the Court should first enforce its prior orders.

Respectfully submitted,
Shmiel Weingarten

November 14, 2023

Re: Motions (dictated over the phone)

To the Honorable Court,

In the previous status conference and in letters prior to that I raised before the Court the issue of the obstacles I face in filing proper motions. For unknown reasons, the Court awards deadline extensions but fails to address and enforce its own orders. The Court issued an order *after* granting me pro se status, ordering limited internet access, translation software and printing capabilities. (see ECF nos. 624 and 770). Instead of enforcing the orders, the Court blames the defendants for rehashing old issues.
With no way how to finish reading the multi-language discovery and with no way how to draft and translate motions, the defendants are forced not to file motions. I would not burden the Court and mention all the issues the defendants face; the defendants raised them already several times, both in written form and orally.

For the time being, I adopt *all* legal arguments (<u>not</u> the facts) advanced by the other co-defendants, including but not limited to the arguments mentioned in ECF nos. 123, 133, 190, 191, 316-320, and 544. In particular, I adopt the following arguments: Y.T. was validly married to Jacob thus Mann Act charges lack merit; the Mann Act charges as applied here are unconstitutional; Y.T. was emancipated by marriage thus IPKCA was not violated; no parental rights recognized by the IPCKA were obstructed neither for Y.T. and neither for C.T.; the current prosecution detracts from the Hague Convention in violation of the plain language of the IPKCA; the IPKCA does not apply to children abducted and retained in the United States; the IPKCA is void for vagueness as applied here; the family court order was void for lack of jurisdiction and due process violations; and counts one and two are the product of a selective prosecution. This list is not exhaustive, I reserve the right to raise additional arguments when time and opportunity would become available.

Should the Court be of interest in providing the defendants a real opportunity to file motions, the Court should first enforce its prior orders.

Respectfully submitted,
Yoil Weingarten