```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02/28/2024
```

UNITED STATES OF AMERICA,

   -against-

SHMIEL WEINGARTEN, YOIL WEINGARTEN, and YAKOV WEINGARTEN,

                    Defendants.

S3 19-CR-497 (NSR)
(06) (07) (08)

ORDER

NELSON S. ROMÁN, United States District Judge:

      The Government plans to call Minor-1,[1] a nineteen-year-old, to testify at the trial against *pro se* Defendants Shmiel Weingarten, Yoil Weingarten, and Yakov Weingarten, which is set to begin on February 29, 2024. The Government alleges, *inter alia*, that the Defendants conspired to commit and committed international parental kidnapping, or aided and abetted the same. Minor-1 was fourteen-years old at the time the charged conspiracy began. The Government alleges that Minor-1, when she was thirteen years old, had an arranged marriage with co-Defendant Jacob Rosner—who was nineteen years old at the time of the wedding.

      Presently before the Court is the Government's application, which the Government made during the final pre-trial conference held on February 15, 2024, permitting Minor-1 to be referred to by the pseudonym "Jane Doe" when testifying at the Defendants' trial. The Defendants object to Minor-1 testifying as "Jane Doe" unless Minor-1 confirms that she prefers to testify using a pseudonym. After due consideration, the Court GRANTS the Government's application.

      The Court has previously permitted Minor-1 to testify as Jane Doe pursuant to 18 U.S.C. § 3509[2] in the prior trials of co-defendants Nachman Helbrans, Mayer Rosner, Matityau Moshe

---

[1] Minor-1 is referred to throughout the superseding indictment. (ECF No. 358.)
[2] Under 18 U.S.C. § 3509(d), "the court may issue an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child."

Malka, and Mordechay Malka.[3] (*See* Minute Entries dated 10/13/2021, 05/12/2022.) As Minor-1 will no longer be a minor at the time of her trial testimony, Section 3509 no longer applies. However, the Court permits Minor-1 to testify as Jane Doe to protect her from further harm that would be caused by having her name associated with this case in the public record.

### Crime Victims' Rights Act, 18 U.S.C. § 3771

Under the Crime Victims' Rights Act, district courts are required to implement procedures to ensure crime victims are afforded, among other rights, "the right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)-(b). "Strong public interests support limiting public disclosure of victim identities and other sensitive information." *United States v. Bannister*, No. 15 CR. 537 (PAE), 2023 WL 2596890, at *2 (S.D.N.Y. Mar. 22, 2023). Accordingly, "[c]ourts in this Circuit and this District have permitted victims of sexual abuse to testify under pseudonyms 'whether or not the alleged victims are minor or adults or adults testifying about abuse that allegedly occurred when they were minors." *Id.* (collecting cases).

Here, permitting Minor-1 to testify using a pseudonym would protect her from potential harassment from the media and others, undue embarrassment, and other adverse consequences. The use of pseudonyms in this case is particularly applicable where, as here, the case has garnered media attention and involve allegations of sexual abuse. Therefore, given the legitimate and substantial interest in protecting Minor-1's privacy and dignity, the Court permits Minor-1 to testify as Jane Doe. *See United States v. Raniere*, No. 20-3520-CR, 2022 WL 17544087, at *7 (2d Cir. Dec. 9, 2022), *cert. denied*, 143 S. Ct. 1756, 215 L. Ed. 2d 652 (2023) (affirming the district court prohibiting the use of full names where defendant "already knew the identity of the

---

[3] On November 10, 2021, a jury convicted Nachman Helbrans and Mayer Rosner of all charges the Government brought against them. (*See* Minute Entry dated 11/10/2021.) On June 2, 2022, a jury convicted Matityau Moshe Malka and Mordechay Malka on all charges brought against them. (*See* Minute Entry dated 06/02/2022.)

individuals" on the grounds that "requiring victims to provide their names in public could chill their willingness to testify, for fear of having their personal histories publicized."); *United States v. Maxwell*, 20 Cr. 330 (AJN) (S.D.N.Y. Nov. 1, 2021) (Conference Tr., Dkt. 465 at 6-8) (permitting victims to testify under pseudonyms because "[g]iven the sensitive and inflammatory nature of the conduct alleged, such publicity may cause further harassment or embarrassment, and other alleged victims of sex crimes may be deterred from coming forward."); *United States v. Hadden*, S2 20 Cr. 468 (RMB) (S.D.N.Y. Dec. 27, 2022) (Dkt. 211 at 5) and *id.* (Dec. 29, 2022 Conference Tr. at 41) (permitting adult victims of sex crimes to testify under pseudonyms where victims' true names were known to the defense and jury but not the public); *United States v. Graham*, No. 14-CR-500 NSR, 2015 WL 6161292 (S.D.N.Y. Oct. 20, 2015) (limiting identification of adults testifying about sex trafficking because "a legitimate and substantial interest in protecting the Victim and the uncharged victims from likely adverse personal, professional and psychological consequences of publicly linking their identities to their prior prostitution activity warrants protection of their personal identifying information.") (internal quotation and citations omitted).

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Government's application and permits Minor-1 to testify as Jane Doe during Defendants' trial.

The Government is directed to serve a copy of this Order to *pro se* Defendants by any means necessary and to file proof of service on the docket.

Dated: February 28, 2024
      White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE